UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NABIL KHAROUF, ET AL.,**<br><br>      **Plaintiffs,**<br><br>      **v.**<br><br>**DISTRICT OF COLUMBIA,**<br><br>      **Defendant.** | **CA: 18-cv-459 (TNM)** |

### THE DISTRICT OF COLUMBIA'S OPPOSITION TO THE PROPOSED JOINT EMPLOYER INSTRUCTION AND PROPOSED VERDICT FORM

I.    **District's Objection to Jury Instruction 18.**

Defendant the District of Columbia opposes Jury Instruction 18 because the joint employer doctrine is not applicable to the facts of this case. The threshold issue in this case is whether Plaintiffs Nabil Al-Kharouf, Nahed Kadih, Alena Svozil, and Derek Price were independent contractors or employees of the District of Columbia Department of Employment Services (DOES), not whether Plaintiffs were in a joint employment relationship with DOES, Optimal Solutions Technologies (OST), or some other entity.

Instruction 18 reads as follows,

> Plaintiffs allege that each should be considered to have been employed by the District of Columbia under the joint employer doctrine. The term joint employer refers to two or more employers that each exercise sufficient control of an individual to qualify as the worker's employer. The language of the contract between the District and OST is not dispositive as to whether a joint employment situation exists.

> This analysis is controlled by a multi-factor test that I will explain next. Your decision about one plaintiff may but need not be the same as your decision for any other plaintiff. The verdict form identifies each Plaintiff by name and asks whether each individual Plaintiff was a District of Columbia employee.

The factors referenced in the first sentence of Instruction 18 are those listed in Instruction 19, which incorporate the factors found in *Spirides v. Reinhardt,* that are used to determine whether a worker is an employee.  613 F.2d, 826, 831 (D.C. Cir. 1979).  *Spirides* has nothing to do with whether a joint employer relationship exists between two entities.  The independent contractor and joint employment tests are mutually exclusive.  *Browning-Ferris Indus. of Cal. v. NLRB*, 911 F.3d 1195, 1213 (D.C. Cir. 2018).  The "contention that the joint-employer and independent-contractor tests are virtually identical lacks any precedential grounding." *Id.*, at 1213.

An individual who is contractually employed by one entity is subject to a joint employer arrangement where "one employer[,] . . . with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer."  *Redd v. Summers*, 232 F.3d 933, 938 (D.C. Cir. 2000) (*quoting NLRB v. Browning-Ferris Industries of Pennsylvania, Inc.*, 691 F.2d 1117, 1123 (3d Cir. 1982)).  In contrast, whether a worker is an employee or independent contractor turns on whether "an employer has the right to control and direct the work of an individual, not only as to the result to be achieved, but also as to the details by which that result is achieved." *Spirides,* 613 F.2d, at 832-33.

In the DC Circuit cases Plaintiffs cite regarding a joint employment relationship, there exists an *Employer A* whose employee arguably performed work for *Employer B*.  *See e.g. Al-Saffy v. Vilsack*, 827 F.3d 85 (D.C. Cir. 2016) (Plaintiff was a U.S. Department of Agriculture employee, but claimed he was jointly employed with the U.S. State Department); *Redd*, 232 F.3d, at 936 (Plaintiff was an Aspen Personnel Services employee but claimed she was jointly employed by the U.S. Bureau of Engraving and Printing); *Miles v. Howard Univ.*, 83 F. Supp. 3d

105, 117-120 (D.D.C. 2015), *aff'd*, 653 F. App'x 3 (D.C. Cir. 2016) (Plaintiff was a University of the District of Columbia employee, but claimed she was jointly employed by Howard University). Here, Plaintiffs are self-employed and therefore the proper inquiry is whether they are independent contractors or employees. *Browning-Ferris Indus. of Cal.*, 911 F.3d, at 1214. *See also, NLRB v. United Insurance*, 390 U.S. 254, 258-259 (1968) (whether workers "operate their own independent businesses" is a "decisive factor[]" in the employee-or-independent-contractor inquiry).

In addition, the second sentence in Instruction 18 reads "the language of the contract between the District and OST is not dispositive as to whether a joint employment situation exists." This sentence is nonsensical. During argument before the Court on Friday, December 10, 2021, opposing counsel stated that OST was a hiring firm. Do Plaintiffs mean to say that OST jointly employed Plaintiffs as such? DOES and OST cannot be considered joint employers unless Plaintiffs were employees for both entities.

Consistent with the D.C. Circuit, Instruction No. 18 should read as follows:

**INSTRUCTION 18: INDEPENDENT CONTRACTOR OR EMPLOYEE[1]**

> During this trial you have heard evidence about whether the four Plaintiffs were District of Columbia employees or independent contractors. When making your determination, you are reminded that you must consider the evidence as it applies to each plaintiff separately. Your decision about one plaintiff may but need not be the same as your decision for any other plaintiff. The verdict form identifies each Plaintiff by name and asks whether each individual Plaintiff was a District of Columbia employee.
>
> If you find that any Plaintiff was not a District of Columbia employee, then your deliberations as to that Plaintiff are concluded.

---

[1] *Spirides v. Reinhardt*, 613 F.2d 826, 832 (D.C. Cir. 1979); EEOC Independent Contractor Checklist, available at https://gtm.com/household/wp-content/uploads/EEOC_Independent_Contractor_Checklist.pdf (last visited October 25, 2021).

>If on the other hand, you find that one or more Plaintiffs were District of Columbia employees, then you should continue your deliberations about whether the District intentionally discriminated against any Plaintiff.

## II. **District's Objection to the Verdict Form.**

The District of Columbia objects to asking the jury the following question: *Pursuant to the instructions I have given you, should [Plaintiff] have been considered an employee of the District of Columbia?* This interrogatory is ambiguous and therefore prejudicial. It suggests that Plaintiffs should have been treated as employees because they were, or worse, it suggests that if Plaintiffs were employees that they would have received better treatment. The words ***treated as employees*** begs questions the jury is not obliged to answer. Plaintiffs should ***have been treated*** *as employees* by whom? The District? Optimal Solutions? Second, for what purpose should plaintiffs ***have been treated*** as employees? Taxes, leave, life insurance, counseling, or progressive discipline? Plaintiffs have the burden of showing that they were employees not that they should have been treated as such. For each Plaintiff, the first question should read: "Do you find that [Plaintiff] was an employee of the District of Columbia government?"

In addition, the second interrogatory should read: Did the District of Columbia **intentionally** discriminate against [Plaintiff]? Including the word "intentionally" is a correct statement of law and it is Plaintiff's burden to show discriminatory animus. For discrimination to be illegal it must be intentional.

December 12, 2021                     Respectfully submitted,

                KARL A. RACINE
                Attorney General for the District of Columbia

                CHAD COPELAND
                Deputy Attorney General
                Civil Litigation Division

MICHAEL K. ADDO
Chief, Civil Litigation Division, Section IV

*/s/ Martha J. Mullen*
MARTHA J. MULLEN [419036]
Senior Assistant Attorney General
(202) 724-6612
Martha.Mullen@dc.gov

*/s/ John J. Bardo*
JOHN J. BARDO [1655534]
Assistant Attorney General
400 Sixth Street N.W.
Washington, DC 20001
(202) 724-6534
John.Bardo@dc.gov

*Counsel for Defendants*